UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACHIA GRABER,                                 Case No. 1:12-cv-345

       Plaintiff,                                  Spiegel, J.
                                                         Bowman, M.J.

  v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Stachia Graber filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error for this Court's review. For the reasons explained below, I conclude that this case should be AFFIRMED because the finding of non-disability is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On November 21, 2008, Plaintiff filed an application for Supplemental Security Income (SSI), alleging disability as of that date due to physical and mental physical impairments. After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An administrative hearing was held on November 3, 2010. (Tr. 22-40). At the hearing, ALJ Christopher McNeil heard testimony from Plaintiff and William J. Kiger, an impartial vocational expert. On June 16, 2011, ALJ McNeil denied Plaintiff's application in a written decision. (Tr. 8-16).

1

The record on which the ALJ's decision was based reflects that Plaintiff has a tenth grade education and has past relevant work as a housekeeper and deli worker. (Tr. 15). Plaintiff was born in 1960 and was 48 years old on her alleged disability onset date. Upon consideration of the record, the ALJ found that Plaintiff had the following severe impairments: "mood disorder NOS, borderline intellectual functioning, personality disorder NOS, alcohol dependance, headache, seizure disorder, transient ischemic attacks." (Tr. 10).

The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> Due to headaches, seizure disorder and transient ischemic attacks, she must avoid concentrated exposure to noise and even moderate exposure to commercial driving, unprotected heights, and moving machinery. Due to mental limitations, she can understand, remember and carry out simple instructions, sustain attention for extended periods of two hour segments, can tolerate casual, infrequent contacts with co-workers, supervisors, and the public in a setting that does not require resolving conflicts or maintaining a friendly and persuasive demeanor, and is able to adapt to changes in a relatively static work environment where changes can be explained and where tasks do not require independent prioritization or more than daily planning.

(Tr. 12).

Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that, while the Plaintiff is unable to perform her past relevant work, she can nonetheless perform jobs that exist in significant numbers in the national economy,

2

including such jobs as parts inspector and packer. Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. (Tr. 16).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to properly consider and evaluate Plaintiff's mental impairments in accordance with 96-9p; (2) failing to properly consider the functional limitations associated with Plaintiff's physical impairments; and (3) failing to properly develop the record relating to Plaintiff's headaches and right arm problems. Upon careful review, the undersigned finds that the ALJ's decision is supported by substantial evidence and should be affirmed.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported

by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national

4

economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. Specific Errors**

*1. Consideration of Plaintiff's mental impairments and SSR 96-9p*

Plaintiff's first assignment of error asserts that the ALJ's mental RFC finding failed to account for the "moderate" mental impairments found by Dr. Nelson. (Doc. 8, 4-6). Citing to Social Security Ruling (SSR) 96-9p, Plaintiff contends that "moderate" impairments identified by Dr. Nelson are equivalent to the "substantial loss of ability" discussed in SSR 96-9p. *Id.* at 4-5. As such, Plaintiff maintains that her ability to perform the occupational base referenced in SSR 96-9p is significantly reduced and thus, the ALJ finding at step-five is not substantially supported. Plaintiff's contention is not well-taken.

SSR 96-9P is a policy interpretation ruling to explain the impact of a RFC for less than a full range of sedentary work. The stated purpose of SSR 96-9p is [t]o explain the Social Security Administration's policies regarding the impact of a residual functional capacity (RFC) assessment for less than a full range of sedentary work on an individual's ability to do other work." *Abraham v. Comm'r of Soc. Sec.*, 1:08CV117,

5

2008 WL 4738333 (W.D. Mich. Oct. 24, 2008). This ruling provides guidelines to ALJs for evaluating a claimant's ability to do less than a full range of sedentary work. *Id.* The Commissioner asserts that SSR 96-9p is irrelevant in the instant case because the ALJ found her capable of performing a full range work, and SSR 96-9p relates only to claimants who can perform only sedentary work. *Id.* The undersigned agrees that SSR 96-9p relates to the assessment of a claimant whose RFC is limited to less than the full range of sedentary work. Thus, this ruleing does not affect the ALJ's RFC determination in this matter. *Id.*

Moreover, according to Dr. Nelson, Plaintiff had moderate limitations in her ability to: relate to others; maintain attention, concentration, persistence, and pace to perform simple, repetitive, and/or routine tasks; and withstand the stress and pressure of day-to-day work activity. (Tr. 281-82). Consistent with Dr. Nelson's findings, the ALJ determined that Plaintiff's occupational base was limited by her mental impairments to performing, *inter alia*, simple routine tasks as determined by Dr. Nelson. (Tr 23). An ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file. See 20 C.F.R. §§ 404.1527(f)(2) (i) and 416.927(f)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians ... who are also experts in Social Security disability evaluation"). In addition, the ALJ consulted with a vocational expert to determine the type of work that Plaintiff could perform with her mental limitations. See *Starkey v. Comm'r of Soc. Sec.*, 1:06-CV-693, 2008 WL 828861 (W.D. Mich. Mar. 26, 2008). Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff retained the mental ability to perform a range of unskilled work.

6

### 2. Evaluation of Plaintiff's Physical Impairments

Plaintiff argues next that the ALJ's RFC determination failed to consider the physical functional limitations associated with her headaches, seizure disorder and ischemic attacks, as well as right arm pain. Plaintiff argues that there is a "serious disconnect" between the ALJ's step two finding that she had "severe" physical impairments and the ALJ's RFC finding that she could work at all exertional levels. As such, Plaintiff contends that the ALJ should have included greater limitations in his physical RFC finding to account for her severe physical impairments. Plaintiff's assertions lack merit.

An individual's RFC measures the claimant's capacity to engage in basic work activities. *Salyers v. Sec'y of Health & Human Servs.*, 798 F.2d 897, 899 (6th Cir. 1986) If the claimant's RFC permits him to perform his prior work, benefits are denied. §§ 404.1520(e), 416.920(e). Here, in determining Plaintiff's RFC assessment, the ALJ's decision indicated that he thoroughly reviewed the evidence of record and properly considered the functional limitations associated with Plaintiff's physical impairments. The ALJ gave significant weight to the opinion of Dr. Willa Caldwell, who reviewed Plaintiff's medical records in February 2009 and provided a physical capacity assessment. (Tr. 347-54). Specifically, the ALJ's RFC assessment assigned limitations identical to those found by Dr. Caldwell.

As noted by the Commissioner, the ALJ also cited to Plaintiff's treatment notes which indicate she was diagnosed with a pituitary tumor and mild stroke in November 2008 after complaining of headaches, memory loss, and confusion. (Tr. 237). With respect to right-sided arm weakness, the record indicates that this issue was reportedly resolved by December 1, 2008, just days after Plaintiff's alleged disability onset date.

(Tr. 13, 240). The record further indicates that Plaintiff underwent a procedure to remove her pituitary tumor on December 23, 2008 and that she quickly recovered from that procedure. (Tr. 232-33). As the ALJ noted, in February 2009, Plaintiff had no complaints of headaches or right-side weakness. (Tr. 356-60). In April 2009, Plaintiff underwent an MRI and did not complain of headaches, blurred vision, or any other symptoms at that time. (Tr. 396).

Furthermore, Plaintiff does not challenge Dr. Caldwell's findings nor challenge the ALJ's reliance thereon. Nor does Plaintiff identify any additional limitations that should have been included in her RFC finding but were omitted by the ALJ. (Doc. 8, 6-7). Plaintiff also points to no opinion evidence, objective evidence, or clinical findings that showed she required greater limitations than those included in the ALJ's RFC. Thus, Plaintiff fails to develop this argument in any meaningful way. It is not the Court's function to comb through the entire record to develop an argument on Plaintiff's behalf or to take the portions of the record cited by Plaintiff's counsel and attempt to craft an argument that supports the general issues he referenced in the most perfunctory manner. *Gray v. Astrue,* 4:09-CV-01468, 2010 WL 2106200 (N.D. Ohio Mar. 31, 2010) report and recommendation adopted sub nom. *Gray v. Comm'r of Soc. Sec.*, 4:09CV1468, 2010 WL 2106196 (N.D. Ohio May 25, 2010) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."). *See also Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490 (6th Cir.2006) ("This challenge warrants little discussion, as [plaintiff] has made little effort to develop this argument in her brief on appeal....").

8

In light of the foregoing, the undersigned finds that the ALJ's RFC assessment is substantially supported by the record, and it is clear that there are jobs that exist in significant numbers that Plaintiff can perform based upon the testimony of the vocational expert. (Tr. 35-38). Accordingly, Plaintiff's second assignment of error is not well-taken and should be overruled.

3. *Development of the record relating to Plaintiff's headaches and right arm problems*

Plaintiff's final assignment of error asserts that the ALJ failed to fully develop the record and should have ordered a consultative physical examination. Plaintiff contends that the record should have been more fully developed because she was "extremely hampered . . . by the fact that she had no medical insurance and no means of affording medical care. Plaintiff's assertion is unavailing.

Social Security proceedings are inquisitorial rather than adversarial," such that an ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citation omitted). However, ordinarily an ALJ "has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster*, 279 F.3d at 357 (citing 20 C.F.R. § 404.1517). "Only under special circumstances, when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures does the ALJ have a special duty to develop the record." *Rise v. Apfel, Comm'r of Soc. Sec.*, No. 99–6164, 2000 WL 1562846, at *2 (6th Cir.2000) (citing *Lashley v. Sec. of Health and Human Services*, 708 F.2d 1048, 1051–52 (6th Cir.1983)).

"The regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Landsaw v. Secy. of Health & Human Services*, 803 F.2d 211, 214 (6th Cir.1986); see also 20 C.F.R. § 416.917(a). The Sixth Circuit has explained that "full inquiry does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision." *Landsaw v. Secy. of Health & Human Services,* 803 F.2d 211, 214 (6th Cir.1986). In this case, the ALJ found that the record included sufficient evidence to establish that Plaintiff's severe impairments did not cause disabling work-related limitations. The record supports the ALJ's conclusion.

As outlined above, the ALJ that found the evidence in the record was sufficient to establish, without a consultative examination, that Plaintiff's physical impairments, while severe, did not cause disabling work-related limitations. Notably, the burden was on Plaintiff, not the agency, to provide evidence that she had a disabling impairment. Furthermore, Plaintiff was represented by counsel, the ALJ did not have a heightened duty to develop the record in this case. Accordingly, the ALJ's decision is substantially supported in this regard.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACHIA GRABER,

    Plaintiff,

v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:12-cv-345

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11